**Dismissed and Memorandum Opinion filed March 19, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00151-CR

### KENNEDY KENECHUKWU OGUCHI, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 2**
**Fort Bend County, Texas**
**Trial Court Cause No. 17-CCR-194939**

## MEMORANDUM OPINION

Appellant was convicted of unlawful restraint and sentenced to 60 days in jail on September 20, 2018. Appellant filed an untimely motion for new trial. *See* Tex. R. App. P. 21.4.[1] Therefore, appellant's notice of appeal was due by October 22,

---

[1] Texas Rule of Appellate Procedure 21.4 requires a motion for new trial to be filed within 30 days of the date sentence is imposed or suspended in open court. In this case, sentence was imposed September 20, 2018 but the judgment was not signed until October 5, 2018. Appellant filed a motion for new trial on November 5, 2018, which would have been timely if sentence had

2018. *See* Tex. R. App. P. 26.2(a)(1).

A court of appeals may grant an extension of time if, within fifteen days after the deadline for filing the notice of appeal, the party files (a) the notice of appeal in the trial court, and (b) a motion for extension of time in the court of appeals. *See* Tex. R. App. P. 26.3; *see also* Tex. R. App. P. 10.5(b)(2). Appellant filed his notice of appeal on February 5, 2019. Appellant's notice of appeal was not filed within the fifteen-day period provided by Texas Rule of Appellate Procedure 26.3.

A notice of appeal that complies with the requirements of Texas Rule of Appellate Procedure 26 is essential to vest the court of appeals with jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). When a notice of appeal is not filed timely, the court of appeals can take no action other than to dismiss the appeal for lack of jurisdiction. *See id.*

Accordingly, the appeal is dismissed.

PER CURIAM

Panel consists of Justices Christopher, Hassan, and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

been imposed on the same date as the judgment was signed. In any event, if appellant had filed a timely motion for new trial his notice of appeal would still be untimely. *See* Tex. R. App. P. 26.2(a)(2).